IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **FELICIANO ROJAS and MARIA ESPINOSA, Individually and on behalf of all others similarly situated**<br><br>*Plaintiffs,*<br><br>v.<br><br>**BLAZING NEEDLES, L.P.; H. A. SHABAN; and DAVID SHABAN**<br><br>*Defendants.* | § § § § § § § § § § § § § | **FLSA Collective Action Pursuant to 29 U.S.C. § 216(b)**<br><br><br><br><br><br>Civil Action No. 3:17-cv-1408 |

## PLAINTIFFS' ORIGINAL COMPLAINT

Feliciano Rojas and Maria Espinosa, on behalf of themselves and all others similarly situated ("Plaintiffs" and "Class Members," respectively, herein) bring this Fair Labor Standards Act ("FLSA") suit against Blazing Needles, L.P.; H.A. Shaban; and David Shaban (collectively referred to as "Defendants") to recover unpaid overtime wages. Plaintiffs respectfully show as follows:

### I. JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

2. Venue is proper in the Northern District of Texas because a substantial portion of the events forming the basis of the suit occurred in this District.

3. Defendants have sufficient minimum contacts with this forum such that the Court has personal jurisdiction over the Defendants.

### II. THE PARTIES

4. Plaintiff Feliciano Rojas is an individual who resides within this District. His

written consent to this action is attached as Exhibit A.

5. Plaintiff Maria Espinosa is an individual who resides within this District. Her written consent to this action is attached as Exhibit B.

6. The "Class Members" are all current and former employees of Defendants who, at any time three years before the filing of this lawsuit or later, were paid at an hourly rate, but were not compensated at one-and-one-half times their regular rate for all hours worked over forty in a workweek.

7. Defendant Blazing Needles, L.P., is a Texas limited partnership. Defendant Blazing Needles, L.P. may be served with process through its registered agent, H. A. Shaban, at 401 N. Beach St., Fort Worth, Texas 76111, or wherever he may be found.

8. Defendant H. A. Shaban is an individual who resides in the Northern District of Texas and may be served at 401 N. Beach St., Fort Worth, Texas 76111, or wherever he may be found.

9. Defendant David Shaban is an individual who resides in the Northern District of Texas and may be served at 401 N. Beach St., Fort Worth, Texas 76111, or wherever he may be found.

### III. FACTUAL ALLEGATIONS

10. Defendant Blazing Needles, L.P. ("Blazing Needles") is an importer, manufacturer, and seller of soft home furnishings specializing in traditional wholesale and e-commerce drop-shipping. Blazing Needles purveys its wares through large internet retailers including Amazon, Overstock, Walmart, Lowe's, Hayneedle, and Wayfair.

11. During all of the relevant time period, Defendants have constituted an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

12. Throughout the relevant time period, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA because Defendants have had employees engaged in commerce or in the production of goods for commerce, as well as employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce. 29 U.S.C. § 203(s)(1). Further, during each year within the relevant time period, Defendants have had an annual gross volume of sales made or business done greatly in excess of $500,000 (exclusive of excise taxes at the retail level which are separately stated).

13. During the relevant time period, Plaintiffs and Class Members have been individual employees engaged in commerce or in the production of goods for commerce. Plaintiffs and Class Members labored in Blazing Needles' factory cutting fabrics, sewing, and otherwise manufacturing the soft home furnishings Blazing Needles sells in interstate commerce, and/or preparing such merchandise for shipping in interstate commerce.

14. During the entire relevant time period, all of the Defendants have been joint employers of each of the Plaintiffs and Class Members within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

15. H.A. Shaban and David Shaban ("the Shabans") are the owners and sole corporate officers of Golden Designs, Inc., which is the General Partner of Defendant Blazing Needles, L.P.

16. The Shabans have controlled the operations of Blazing Needles during the entire relevant period of this action. During the relevant time period, the Shabans have been regularly present at the Plaintiffs' and Class Members' jobsite. While on the premises, the Shabans

directly and indirectly supervised and managed the terms and conditions of the Plaintiffs' and Class Members' work.

17. Throughout the relevant period, the Shabans have had and have exercised the authority to act on behalf of Blazing Needles vis-à-vis its employees, including the power to directly and indirectly establish company pay practices and pay rates, modify employment conditions, control employee schedules, maintain employment records, and to hire and fire employees.

18. The Plaintiffs and Class Members were all compensated on an hourly basis for their work for Defendants.

19. Throughout the relevant period, the Plaintiffs and Class Members frequently worked more than 40 hours per week for Defendants— often working between 45-50 hours or more— but Defendants paid them only their regular straight-time rates for their overtime hours instead of one-and-one-half times their regular rates of pay.

## IV. COLLECTIVE ACTION ALLEGATIONS

20. The Class Members are similarly situated to the named Plaintiffs in that their relevant job duties were comparable to the Plaintiffs', and they were subject to the same illegal pay policies or practices that are the basis for this action.

21. The Defendants' failure to pay overtime compensation at the rates required by the FLSA results from generally applicable policies or practices and do not depend on the personal circumstances of the Class Members. Thus, the Plaintiffs' experience is typical of the experience of the Class Members.

22. The specific job titles or precise job requirements of the various Class Members do not prevent collective treatment. All Class Members, regardless of their exact job

requirements or rates of pay, are entitled overtime compensation for hours worked in excess of 40 hours per week. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of facts relating to liability. The essential questions of law and fact are common to the Plaintiffs and the Class Members.

23. As a collective action, Plaintiffs seek this Court's appointment and/or designation as representatives of a group of similarly situated individuals.

## V. CAUSE OF ACTION: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

24. During the relevant period, Defendants have violated Section 7 of the FLSA, 29 U.S.C. §§ 207, and 215(a)(2), by employing Plaintiffs and Class Members for workweeks longer than 40 hours without compensating such employees at rates of one-and-one-half times their regular rates for all hours worked over 40 in a workweek. Defendants have acted willfully in failing to pay Plaintiffs and Class Members in accordance with applicable law. Defendants are liable to Plaintiffs under 29 U.S.C. § 216(b).

## VI. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that they and all those who consent to be opt-in plaintiffs in this collective action recover from Defendants, jointly and severally, the following:

    A.    An award of all unpaid overtime compensation;

    B.    An equal amount as liquidated damages under the FLSA;

    C.    Reasonable attorney's fees, costs, and expenses of this action;

    D.    Post-judgment interest; and

    E.    Such other relief to which they may be entitled.

Respectfully submitted,

/s/ *Hannah Alexander*_____
**HANNAH ALEXANDER**
Texas Bar No. 24099310
**EQUAL JUSTICE CENTER**
1250 West Mockingbird Lane, Suite 455
Dallas, Texas 75247
Tel.: (469) 228-4226, ext. 302
Fax: (469) 941-0861
halexander@equaljusticecenter.org

**ANNA BOCCHINI**
Texas Bar No. 24057410
**EQUAL JUSTICE CENTER**
510 S. Congress Ave., Suite 206
Austin, Texas 78704
Tel.: (512) 474-0007, ext. 105
Fax: (512) 474-0008
abocchini@equaljusticecenter.org

**ATTORNEYS FOR PLAINTIFFS**